1
2
3
4
5
6
7
8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

10

11   BLANCA OROSCO, ESTATE OF
     JOSE DANIEL OROSCO,
12
                        Plaintiffs,              No. 2:13-cv-00566-KJM-DAD
13
             vs.
14
15   STATE OF CALIFORNIA,
     CALIFORNIA HIGHWAY PATROL,
16   DOE CHP OFFICER 1, DOE CHP
     OFFICER 2,
17
                        Defendants.              ORDER
18
     _____/
19

20          This matter is before the court on defendants' unopposed motion to dismiss

21   plaintiff's complaint, which alleges that certain California Highway Patrol (CHP) Officers' use

22   of excessive force violated 42 U.S.C. § 1983.  (ECF 4.)  The motion was decided without a

23   hearing.  For the reasons below, the court GRANTS defendants' motion and dismisses

24   plaintiffs' complaint without prejudice.

25   I.     ALLEGED FACTS AND PROCEDURAL BACKGROUND

26          On a date unknown, Jose Daniel Orosco and his passenger Shana A. McCloud

27   drove out of a parking lot onto Wilson Way and began heading south.  (Compl. ¶ 10, Ex. B,

28   ECF1-1.)  A CHP car passed them heading in the opposite direction.  (*Id.*)  The CHP car then

                                          1

made a U-turn and began following Orosco's car without activating its emergency lights.  (*Id.*)

The CHP car, in which there were two CHP officers, pulled ahead of Orosco, flipped another

U-turn, and began following Orosco again.  (*Id.* ¶ 11.)  Orosco panicked and accelerated, and

the CHP pursued.  (*Id.*)  Stockton Police "may have joined in."  (*Id.*)

When Orosco attempted to make a left turn on Martin Luther King Boulevard at

the terminus of Wilson Way, he crashed his car into a chain link fence.  (*Id.*)  The two CHP

Officers and other unnamed Officers from the Stockton Police Department fired their guns at

Orosco and McCloud.  (*Id.* ¶ 12.)  Orosco was shot in the head and killed, and McCloud was

shot by at least four bullets, but survived.  (*Id.*)

McCloud and unidentified witnesses saw the CHP and Stockton officers move

Orosco's car "to stage a claim that the car had been put into reverse."  (*Id.* ¶ 13.)  McCloud was

left on the pavement for a long time "hoping that she would bleed out and die."  (*Id.*)

On February 24, 2013, Orosco's mother, Blanca Orosco, and Orosco's estate,

plaintiffs in this action, brought two wrongful death claims in state court against the State of

California, the California Highway Patrol, and the two unidentified CHP officers in their

individual and official capacities.  (*Id.* ¶ 1.)  Plaintiffs' first claim alleges defendants violated

the Fourth, Fifth, and Fourteenth Amendments by using excessive force; their second claim

alleges violations of these same Amendments through deprivation of life without due process

also by using excessive force.  Plaintiffs sue defendants under *Monell v. Department of Social

Services*, 436 U.S. 658 (1978), for maintaining "an unconstitutional policy or custom, including

inadequate training."  (*Id.* ¶¶ 8, 19, 25.)

In the body of the complaint, plaintiffs also state they are suing the City of

Stockton and the Stockton Police Department.  (*Id.*)  However, these entities are not named

defendants, and they are absent from the proof of service accompanying the complaint.  (Ex. A,

ECF 1.1.)

On March 21, 2013, defendants State of California and CHP ("defendants")

removed this action to federal court.  (ECF 1.)  On March 22, defendants filed the instant

motion to dismiss the complaint in its entirety with prejudice.  (ECF 4.)  Plaintiffs did not

oppose the motion, but on April 17, 2013 filed a "Notice to Add Plaintiffs to Docket as Described in the Complaint Pursuant to Bivens v. Six Unnamed FBI Agents," in which they requested the two Doe CHP Officers be added to the docket.  (ECF 6.)[1]

II.    STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

---

[1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'"  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'"  *Id.* (quoting *Gillespie,* 629 F.2d at 642).  Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants.  *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice," or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

III.   <u>ANALYSIS</u>

Defendants move to dismiss plaintiffs' complaint on three grounds.  First, the State of California and its agency, the CHP, are not subject to suit because they are not "persons" under section 1983.  (Mot. to Dismiss at 4, ECF 4.)  Second, these state defendants cannot be liable under a *Monell* theory of municipal liability.  (*Id.*)  Third, plaintiffs' second cause of action, violation of due process, cannot be maintained because the Fourth Amendment is the exclusive source of the rights governing the propriety of the use of force.  (*Id.* at 4–5.) The court addresses each of these arguments in turn and finds that each has merit.

A.   "Persons" under Section 1983

Defendants argue that section 1983, by its express language and under Supreme Court precedent, applies only to "persons" and not to states or state agencies.  (ECF 4 at 4 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70–71 (1989)).)

The court finds defendants State of California and CHP cannot be sued under section 1983.  The Supreme Court has indeed interpreted the language of section 1983 to

4

exclude states, state agencies, and state officers acting in their official capacities.[2] *Will*, 491 U.S. at 65–71.[3]  California is a state and CHP is a state agency.  Because plaintiffs' only two causes of action are brought under section 1983, plaintiffs' complaint must be dismissed against these defendants.

However, plaintiffs also bring this action against two Doe CHP Officers in their individual and supervisory capacities.  (Compl. ¶ 8.)  CHP officers may be sued under section 1983 in their individual capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30 (1991) (state officials sued in their individual capacities are "persons" within the meaning of section 1983).  Therefore, the court dismisses plaintiffs' complaint in its entirety, but without prejudice.  Plaintiffs will be allowed to amend if they are able while complying with the Federal Rules of Civil Procedure.

B.      Liability under *Monell*

Defendants correctly note that suing defendants under a *Monell* theory of liability does not resurrect plaintiffs' section 1983 claims.  (*See* ECF 4 at 4.)  In *Monell*, 436 U.S. at 690, the Court held that municipalities and other local governments are "persons" under section 1983.  California and the CHP are not municipal entities.  While plaintiffs mention the City of Stockton and the Stockton Police Department as defendants in the body of their complaint, they are not named defendants, and there is no evidence these entities were ever served.  Moreover, when plaintiffs' counsel moved to change the name of this case on the

---

[2] 42 U.S.C. § 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[3] The fact that defendants removed this case to federal court does not affect *Will*'s holding, even though part of *Will*'s rationale was predicated on State immunity.  *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617–18 (2002) (dismissing section 1983 claim after State removed to federal court because a State is not a "person" under that statute).

docket, counsel requested only that the two Doe CHP Officers be added.  (ECF 6.)[4]  Because no named defendants in this action are municipalities, plaintiffs' *Monell* argument is unavailing.

C.     Due Process and the Use of Force

Plaintiffs' second cause of action, which alleges defendants violated Orosco's "constitutional rights to not be deprived of life without due process of law" under the Fourteenth Amendment, is a claim that sounds in the Fourth Amendment, not the Due Process Clause.  (Compl. ¶ 22.)  *Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach" (original emphasis)).  Plaintiffs plead that Orosco's Due Process rights were infringed through defendants' use of excessive force.  (Compl. ¶ 24.)  As pled, this cause of action may not be sustained against any defendant, including the Doe CHP Officers.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' complaint is DISMISSED without prejudice.  Plaintiffs may file an amended complaint, in conformance with this order, within twenty-one days of the filed date of this order if they can do so consonant with Federal Rule of Civil Procedure 11.

IT IS SO ORDERED.

DATED:  June 18, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The caption of this filing references *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), a case that created a section 1983 corollary cause of action involving defendants operating under federal rather than state authority.  As no federal agent is mentioned in the complaint, this caption is puzzling.