UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA OROSCO, et al., | No. 2:13-CV-566 KJM DAD |
| Plaintiffs, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

I. BACKGROUND

On February 25, 2013, plaintiff Blanca Orosco and the Estate of Jose Daniel Orosco filed a civil rights action against the State of California, the California Highway Patrol ("CH") and several Doe CHP officers, alleging that the officers shot and killed Jose Daniel Orosco. ECF No. 1-1.

On March 21, 2013, defendants State of California and CHP ("defendants") removed this action to federal court. ECF No 1. On March 22, defendants filed a motion to dismiss the complaint in its entirety with prejudice. ECF No. 4. Plaintiffs did not oppose the motion, but on April 17, 2013 filed a "Notice to Add Plaintiffs to Docket as Described in the Complaint Pursuant to *Bivens v. Six Unnamed FBI Agents*," in which they requested the two Doe CHP Officers be added to the docket. ECF No. 6.

/////

1

1    On June 18, 2013, the court granted defendants' motion, dismissing the CHP and
2 the State of California as defendants, but giving plaintiffs leave to file an amended complaint.
3 ECF No. 7.
4    Plaintiffs filed a First Amended Complaint ("FAC") on June 30, 2013, naming
5 several Doe CHP officers as well as individual Doe defendants and alleging these individuals
6 violated their Fourth Amendment rights.  ECF No. 8.
7    On November 14, 2013, plaintiffs filed a motion for authority to pursue discovery
8 leading to the identities of the CHP officers involved in the shooting.  ECF No. 14.
9    On December 20, 2013, the magistrate judge instructed plaintiffs to supplement
10 the motion, describing their efforts to identify the Doe defendants.  ECF No. 19.
11    Plaintiffs filed their supplemental motion on December 27, 2013, saying they
12 could serve subpoenas duces tecum on the California Highway Patrol and the Stockton Police
13 Department and obtain the names of the Doe defendants.  ECF No. 20.
14    At a renewed hearing on January 10, 2014, counsel for plaintiffs withdrew the
15 motion for discovery.  ECF No. 21.
16 II. ANALYSIS
17    "[W]here the identity of alleged defendants will not be known prior to the filing of
18 the complaint, . . . the plaintiff should be given an opportunity through discovery to identify the
19 unknown defendants, unless it is clear that discovery would not uncover the identities, or that the
20 complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th
21 Cir 1980); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).
22    Plaintiffs filed this action in February 2013 naming several Doe CHP officers as
23 defendants.  Though it is unclear exactly when the incident described in the complaint occurred, it
24 appears to have taken place in late 2011 or early 2012.  Nevertheless, nothing in plaintiffs'
25 response to the magistrate judge suggests they have taken any steps to identify the Doe officers,
26 as they said only the true names "can be identified by using SUBPOENAS DUCES TECUM . . ."
27 (capitalization as in original).  Despite the admonishment in this court's standing order that "it is
28 advisable for counsel to begin to conduct discovery actively before the Initial Scheduling

Conference," it does not appear that plaintiffs' counsel served interrogatories on the Highway Patrol seeking the identity of the officers involved or otherwise sought informally before the action was filed to discover the individual officers' identities.

        IT IS THEREFORE ORDERED that within fourteen days of this order, plaintiffs show cause why this action should not be dismissed for failure to prosecute.

DATED: February 4, 2014.

                                  UNITED STATES DISTRICT JUDGE